# SHEEHAN PHINNEY

**Robert R. Lucic, Esq.**
**Direct Dial:  603-627-8188**                                    **1000 Elm Street, 17th Floor**
**rlucic@sheehan.com**                                            **Manchester, NH  03101**


June 12, 2025


Hon. Gregory H. Woods, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*Via ECF*

Re:     **Gulati v. Novocure Inc.**
       **Case No. 1:23-cv-3308-GHW**

Dear Judge Woods,

      This firm represents Defendant Novocure Inc. ("Defendant") in the above-captioned matter.  Pursuant to Rule 7.1(d) of the Local Rules of the Southern District of New York and the Court's request, Defendant respectfully submits this letter-motion in response to the request for judicial notice filed by Plaintiff Seema Gulati ("Plaintiff").

      Under the Federal Rules of Evidence, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, the Court must only take judicial notice if it is supplied with the necessary information.  Id.

      Plaintiff submits a request that the Court take judicial notice of a portion of certain Securities and Exchange Commission ("SEC") filings and a website, "www.novocure.com" ("collectively referred to as the "Documents").  However, the Court should not take judicial notice of such Documents for three reasons.  First, the Documents contain exclusively hearsay and should not be admitted for the truth of the matter asserted.  Second, the documents are not relevant in that, save for one row of one table included in the Documents ("United States Revenue"), they concern a consolidated, worldwide company—namely, NovoCure Limited—and not the defendant in this matter—Novocure Inc.  Third, to the extent the Court is inclined to take judicial notice of the Documents for a limited purpose which is not hearsay, the Documents are unduly prejudicial to Defendant, provide minimal probative value, and will mislead and confuse the jury.

**I.    The Documents Cannot Be Offered to Prove the Truth of the Statements Contained Within Them**

Plaintiff intends to offer the statements contained within the Documents for the truth of the matter asserted within them.  However, as Plaintiff correctly notes, documents which the Court has taken judicial notice of are "relevant not to prove the truth of their contents but only to determine what the documents stated."  Pl.'s Mot. For Jud. Not. at 2 (Docket No. 130).  Plaintiff argues the Court should take judicial notice of certain SEC filings and cites to case law to support her position.  Id. (citing In re MBIA, Inc. Sec. Litig., 700 F. Supp. 2d 566, 576 (S.D.N.Y. 2010); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); Lovelace v. Software Spectrum, 78 F.3d 1015, 1018 (5th Cir. 1996).  Plaintiff argues that the Documents are party admissions adopted by Defendant and made by an authorized person, and therefore, should be admitted for their truth.  However, the case law is clear in that SEC filings (also assumedly adopted by the company that submitted the filings and made by an authorized person) are hearsay and cannot be admitted for the truth of the matters asserted within the documents.  In re MBIA, Inc. Sec. Litig., 700 F. Supp. 2d at 575, n.7 (taking judicial notice of SEC filings, but not for the truth of the matters asserted); Kramer, 937 F.2d at 774 (taking judicial notice of SEC filings, but not for the truth of the matters asserted); Lovelace, 78 F.3d at 1018 (taking judicial notice of SEC filings, but not for the truth of the matters asserted).

In this matter, Plaintiff clearly asserts that her intent *is* to offer the Documents for the truth of the assertions contained within them.  Pl.'s Mot. For Jud. Not. at 2.  Therefore, the Documents are hearsay, and the Court should not take judicial notice of them.

**II.    The Documents Are Irrelevant**

The Federal Rules of Evidence provide that relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Plaintiff requests the Court take judicial notice of certain SEC filings for use and consideration by the jury in determining punitive damages.  However, the filings as submitted by Plaintiff are not for Defendant; indeed, the filings submitted by Plaintiff are for an entity called "NovoCure Limited," which is a separate entity from Defendant, "Novocure Inc."  The SEC filings submitted by Plaintiff cannot make any fact more or less probable than it would without the evidence, as it describes information concerning an entity which is not a party to this matter.  Further, save for the United States Revenue, these documents do not contain information required to determine the financial information of Defendant.  Therefore, the Court should not take judicial notice of these wholly irrelevant documents.

Additionally, Plaintiff requests the Court take judicial notice of the website, "www.novocure.com."  The website is also irrelevant in that it does not have any tendency to make a fact more or less probable regarding punitive damages.  The website is owned and controlled by a Swiss company, "Novocure GmbH," another separate entity from Defendant**.**  The information contained within "www.novocure.com" is not indicative of Defendant's assets.

### III.     The SEC Filings are Unduly Prejudicial To Defendant

The Court should not consider the SEC filings because they are unfairly prejudicial toward the Defendant.  <u>See</u> Fed. R. Evid. 403.  To the extent the Court is inclined to take judicial notice of the Documents for a limited purpose, the SEC filings will mislead and confuse the jury.

In determining punitive damages, the jury must award an amount "reasonably necessary to achieve the goals of punishment and deterrence, and [the amount] should not be so high as to result in the financial ruin of a defendant."  <u>Supp. Jury Inst. On Punitive Dam.</u>  Therefore, it is clear that Plaintiff intends to offer this evidence to the jury to argue the Defendant's assets.  The information contained within the SEC filings is misleading and confusing.

First, the filings are incomplete excerpts of the complete SEC filings.  Second, as articulated, save for the United States Revenue, the filings are for an entirely different entity, and it is impossible to deduce Defendant's assets from the filings submitted by Plaintiff.  Third, financial statements contained in SEC filings, as stated within them, are qualified by the footnotes to those financial statements, which the Plaintiff has omitted from the Documents.  Fourth, financial statements of the kind included within SEC filings, such as the Documents proffered by Plaintiff, are extremely complicated and would require expert testimony to adequately understand Defendant's assets.

Specifically, as related to the United States Revenue, this number does not represent the actual revenue of "Novocure Inc.," the party in this matter.  As stated, this number relates to net revenue derived from patients in the United States.  Further, this number is based on estimates created from a number of factors as described within the footnotes throughout the SEC filings, and therefore, is not a clear and accurate representation of Defendant's resources.  Finally, as described elsewhere in the SEC filings, revenues are not the amount of cash or other financial resources available to "Novocure Inc."  That information cannot be derived from any information contained within the Documents.  As such, United States Revenue would likely confuse and mislead the jury as to Novocure Inc.'s financial status.

Last, even if the Court instructs the jury that they should not accept the contents of the Documents for their truth, it is highly likely that the jury will interpret the Documents as referencing Defendant's assets.

Defendant respectfully requests the Court deny Plaintiff's request that the Court take judicial notice of the Documents for the reasons as articulated above.

Sincerely

/s/ *Robert R. Lucic*
Robert R. Lucic

cc:     All parties of record (*via ECF*)